43874.   COCHRAN v. CARPENTER et al., Executrices.

236

Complaint. Hancock Superior Court. Before Judge Carpenter.

*Eva L. Sloan,* for appellant.

*Lewis, Rozier & Hitchcock, John C. Lewis, E. Lloyd Lewis,* for appellees.

Felton, Chief Judge.   In this action by the appellant stepson of the decedent against the appellees, executrices of the decedent's will, to recover from the estate the amount of nursing bills for the decedent's last illness, allegedly paid for by the plaintiff, where the evidence showed that the decedent's wife had paid the bills by checks on her personal bank account; that the drawee bank obtained from her a note to secure said checks, for which there were insufficient funds in her account; that the plaintiff orally promised her that he would guarantee payment of the note, but did not endorse the note; that he subsequently borrowed money elsewhere and paid off said note; and that the decedent's wife was indebted to the estate in an amount exceeding the amount sought in the present action, the findings were demanded that the decedent's wife paid the bills, that the plaintiff's payment of the note was a voluntary payment of his mother's debt, and that the defendant executrices were neither liable for nor authorized to repay the plaintiff out of the assets of the estate for his payment of his mother's debt.  Even if the plaintiff had been a surety for his mother and had paid off the debt, he would stand in the shoes of his principal, whose debt he paid.  Since his mother is indebted to the estate, neither she nor the plaintiff would be in position to urge the claim for the reason that his principal is indebted to the estate, a situation in which the executrices are obligated to offset the respective debts.  The plaintiff paid a debt of his mother's and not a debt of the estate.  The same result would follow if the mother had transferred her claim to plaintiff or if he could be subrogated to the rights of his mother, a question we do not decide.  We

do not know of any reason why the executrices' right of setoff would be changed by the fact that the debt paid by the widow had priority over other debts of the estate. The evidence demanded a finding against the plaintiff.

The court did not err in its judgments overruling the appellant's motion for judgment n.o.v. and his motion for a new trial.

*Judgments affirmed. Eberhardt and Whitman, JJ., concur.*